Case 2:18-cv-00132   Document 11   Filed on 10/05/18 in TXSD   Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
October 05, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| HERMELINDA P REYNA, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:18-CV-132 |
| § | |
| SOCIAL SECURITY ADMINISTRATION § | |
| DISTRICT MANAGER, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS

Plaintiff Hermelinda P. Reyna filed a complaint on May 9, 2018 in which she named the Social Security District Manager as the Defendant. As discussed more fully below, a recommendation is made *sua sponte* that Plaintiff's cause of action be dismissed as frivolous, or, in the alternative, for failure to state a claim.

## BACKGROUND

Plaintiff filed her original complaint on May 9, 2018. The complaint is rambling and nonsensical and it is unclear what she is alleging. She complains vaguely about record-keeping at the Social Security Administration, knee and hip injuries she suffered, threats from her family and government agencies, a need for medical benefits, a loss of social security or Medicare benefits, housing and eviction problems, workers' compensation issues, hate crimes, and needing money for transportation, gasoline, clothing, and medication (D.E. 1).

Plaintiff was ordered to file an amended complaint (D.E. 4) and did so on June 13, 2018 (D.E. 5, 6). However, the amended complaint, which was accompanied by a

"motion for relief," does not clarify the issues about which she complains. Rather, she again makes vague allegations against government entities as well as her own family members.[1] Plaintiff also filed a motion for continuance on July 10, 2018 in which she makes similar jumbled allegations (D.E. 9).

On September 11, 2018 a hearing was set on Plaintiff's pending motion for relief and motion for continuance. For reasons which are not clear, notice of the hearing was not mailed to Plaintiff and she did not attend the hearing; therefore it is not recommended that her claims be dismissed for failure to attend the hearing or for failure to serve the Defendant(s) within 90 days.

## JURISDICTION

To the extent Plaintiff is alleging violation of her federal civil rights, this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## DISCUSSION

**A. Frivolous**

Pursuant to 28 U.S.C. § 1915(e)(2), notwithstanding payment of a filing fee or any portion thereof, a court shall dismiss a case at any time if the court determines that the

---

[1] A typical passage reads as follows: I am trying to file civil correction. I file to report several abuses onto my background as citizen of Corpus Christi. I am harassed as disabled. Please file my lawsuit to protect me from fraud and abuse of the penalties on my income. It is difficult to pay this accused overpayment because these employees are violating my rights to file allegations about my conduct and my behavior since 1985. I have had trouble with invasions of privacy by families trying to negotiate with social security to tape from telephones using microphones and other telephone devices. There are multiple users as exposure of my physical address and my time spent on the phone on monitors so that an audit per hour is payable as profit with the use of these devices. I suspect US government officials involved (D.E. 5 at p. 7).

action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.[2] "A complaint filed *in forma pauperis* can be dismissed by the court *sua sponte* if the complaint is frivolous." *Carr v. Watts*, 986 F.2d 1418 (5th Cir. 1993) (per curiam) (unpublished table decision).

A complaint may be dismissed as frivolous if it lacks an arguable basis in law or fact. *Siglar v. Hightower*, 112 F.3d 191, 193 (1997). A finding of factual frivolousness is warranted when the facts alleged rise to the level of irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). The initial assessment of an *in forma pauperis* plaintiff's factual allegations are weighed in favor of the plaintiff and the determination of frivolousness cannot serve as a factfinding process for the resolution of disputed facts. *Id.* at 32. A complaint lacks an arguable basis in law "if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar*, 112 F.3d at 193 (citing *Nietzke v. Williams*, 490 U.S. 319, 327 (1989)).

*Pro se* pleadings are to be liberally construed and a *pro se* complaint, regardless of how inartfully pleaded, is held to less stringent standards than formal pleadings drafted by lawyers. *Erikson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, *pro se* litigants

---

[2] Although § 1915 discusses *in forma pauperis* applications in terms of prisoners, the statute also applies to non-prisoners. *See, e.g., Newsome v. E.E.O.C.*, 301 F.3d 227, 231 (5th Cir. 2002) (per curiam) (applying § 1915(e)(2)(B) to non-prisoner employment law claims).

still must provide facts sufficient to support their claims and mere conclusory allegations are insufficient.  *Reeves v. Wells Fargo Bank, N.A.*, No. EP-15-CV-300-KC, 2015 WL 6438898 (W.D. Tex. 2015) (citing *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993)).

Claims may be dismissed as frivolous when they are vague and incomprehensible. *Mayfield v. Collins*, 918 F.3d 560, 561 (5th Cir. 1990).  In *Humphrey v. Luna*, 59 F.3d 1242, *2 (5th Cir. 1995) (per curiam), the Fifth Circuit affirmed dismissal of an *in forma pauperis* complaint that "by and large contain[ed] 'stream of consciousness' lists of alleged acts of wrongdoing on the part of prison officials, most of which reveal[ed]themselves to be frivolous, if not ridiculous, by their very nature."  *See also Reeves*, 2015 WL 6438898 at * 5 (quoting language from the complaint and finding that even construing complaint liberally it was incomprehensible and did not describe a claim for relief plausible on its face) and *Crittenden v. McNeelans*, No. EP-11-CV-350-PRM, 2011 WL 11741278 (W.D. Tex. 2011) (construing Plaintiff's claims very liberally, court unable to discern a single coherent fact substantiating any of Plaintiff's alleged causes of action).

In this case, construing Plaintiff's claims liberally and giving her every benefit of the doubt, the pleadings remain unintelligible.  It appears that Plaintiff has had various disagreements with the Social Security Administration over the years and she may have a complaint about the recouping of an overpayment, but the allegations are so convoluted and interwoven with other matters that it is impossible to discern the factual basis of any particular claim.  In addition, Plaintiff refers to events occurring twenty and thirty years

in the past. Even reading the pleadings very carefully, it is impossible to ascertain the basis of any federal claim she may have. Accordingly, it is recommended that Plaintiff's complaint be dismissed as frivolous.

### B. Failure to State A Claim

Similarly, Plaintiff's complaint fails to state claim. The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under § 1915(e)(2)(B) or Fed. R. Civ. P. 12(b)(6) or (c). *Anderson v. Morris*, No. 4:16CV101-DMB-JMV, 2017 WL 9565839, *6 (N.D. Miss. 2017) (citing *Great Plains Trust C. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312-13 & n. 8 (5th Cir. 2002); *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002); and *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the formal sufficiency of the statement of a claim for relief. It is not a procedure for resolving disputes about the facts or the merits of a case. In ruling on a motion to dismiss, the court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. *Hines v. Alldredge*, 783 F.3d 197, 200-201 (5th Cir. 2015).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to prove the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . .

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007) (internal citations and quotations omitted).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court held the following:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Twombly*], 550 U.S. at 570, 127 S.Ct. at 1955.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556, 127 S.Ct. 1955.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.*  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557, 127 S.Ct. 1955.

*Iqbal*, 556 U.S. at 678.  Accordingly, in order to survive a motion to dismiss, a plaintiff's complaint must allege enough facts to show that a plausible claim for relief exists on the face of the pleading.

As discussed above, Plaintiff's complaint is not coherent and does not allege facts to show that she is entitled to any form of relief.  Accordingly, in addition to recommending that Plaintiff's claim be dismissed as frivolous, it is further recommended that it be dismissed for failure to state a claim for relief.

### C. With or Without Prejudice

"A dismissal with prejudice is an extreme sanction that deprives the petitioner of the opportunity to pursue his claim further." *Lewis v. Sheriff's Dept. Bossier Parish*, 478 Fed. Appx. 809, 816 (5th Cir. 2012).  Consequently, a court should dismiss a case with prejudice only if the history of the case indicates both a clear record of purposeful delay or contumacious conduct by the plaintiff and that the interests of justice would not be

better served with a lesser sanction. *Id.* Because Plaintiff in this case has not caused an undue delay, dismissal with prejudice should only be ordered if she has engaged in contumacious conduct. "Contumacious conduct" has been described as a "stubborn resistance to authority." *Millan v. USAA General Indem. Co.*, 546 F.3d 321, 327 (internal citations omitted).

Plaintiff in this case does not appear to have engaged in contumacious conduct. Rather, the unintelligible nature of her pleadings appears to be the result of a lack of understanding of federal court jurisdiction and a limited ability to communicate clearly in writing. In addition, given the fact that the nature of any potential claim she may have is still unknown, a dismissal with prejudice would make it unclear whether Plaintiff could bring a viable cause of action in the future should she have one and acquire the means to present it to the court. Accordingly, it is recommended that Plaintiff's cause of action be dismissed without prejudice.

## RECOMMENDATION

For the reasons set forth above, it is respectfully recommended that Plaintiff's cause of action be DISMISSED without prejudice as frivolous or for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2).

Respectfully submitted this 5th day of October, 2018.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).